IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BOBBY EARL BIRRAGES**                                                            **PLAINTIFF**

V.                                                                                  **NO. 4:14-CV-00062-DMB-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                             **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Bobby Earl Birrages filed this social security appeal on April 21, 2014. Doc. #1. Defendant answered on August 1, 2014, Doc. #9, and the social security transcript was filed the same day, Doc. #10. On August 4, 2014, United States Magistrate Judge David A. Sanders issued an order directing Plaintiff to, within thirty days from the issuance of the order, "file and submit … a brief setting forth all errors which plaintiff contends entitle plaintiff to relief." Doc. #11 at 1.

Plaintiff did not file a brief within the time allowed and, on September 9, 2015, Judge Sanders issued an order directing Plaintiff to show cause on or before September 23, 2015, "why his case should not be dismissed for failure to comply with the court's August 4, 2014 Order." Doc. #14 (emphasis omitted). Judge Sanders' order warned that "[i]f plaintiff fails to respond to this order, [his] case will be dismissed by the court for failure to prosecute." *Id*. (emphasis omitted). The order to show cause was mailed to Plaintiff's address of record.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "[a] district court may dismiss an action for failure of a plaintiff to prosecute or comply with any order of court … . The Court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Here, the record establishes that Plaintiff has failed to file a brief or comply with Judge Sanders' order to show cause. Accordingly, the Court finds this case should be dismissed with prejudice for the claimant's failure to obey an order of

the Court and for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Held v. Astrue*, No. 1:10-cv-539, 2011 WL 6303363, at *2 (S.D. Miss. Nov. 16, 2011) (dismissing case for failure to prosecute where social security plaintiff failed to file brief or respond to court orders); *see also Hafsi v. Astrue*, No. 3:12-cv-166, 2013 WL 791601, at *1 (N.D. Tex. Feb. 6, 2013) (recommending dismissal where social security plaintiff failed to file brief within time allowed and failed to respond to order to show cause).[1] A final judgment will be entered separately.

**SO ORDERED**, this 30th day of September, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court is aware of out-of-circuit authority that suggests dismissal in social security appeals is inappropriate based solely on a failure to file a brief. *See Wright v. Comm. of Soc. Sec.*, No. 09-cv-15014, 2010 WL 5420990, at *1 (E.D. Mich. Dec. 27, 2010) (citing *Kenney v. Heckler*, 577 F. Supp. 214 (N.D. Ohio 1983)). However, this is a minority view, which does not apply where the plaintiff has failed to comply with briefing deadlines *and* has failed to respond to an order to show cause. *See Salmo v. Comm. of Soc. Sec.*, No. 11-14926, 2012 WL 6929176, at *2–3 (E.D. Mich. Nov. 27, 2012) (collecting cases).